NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN V. ZIMMERMAN,

           Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

           Defendant-Appellee.

No.   20-35853

D.C. No. 1:19-cv-01688-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 21, 2023[**]

Before:    D. NELSON, SILVERMAN, and GRABER, Circuit Judges.

     Susan V. Zimmerman appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge ("ALJ") provided specific clear and convincing reasons to discount Zimmerman's symptom testimony by citing to significant gaps in Zimmerman's treatment, Zimmerman's failure to follow through with treatment recommendations, and inconsistencies between the objective medical evidence and the limitations alleged.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (finding "unexplained, or inadequately explained, failure to seek treatment" can constitute a clear and convincing reason for discounting a claimant's credibility regarding their symptoms); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (holding that inconsistency with objective evidence is a clear and convincing reason to discredit a claimant's testimony); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ properly discounted Dr. Crone's medical opinion that Zimmerman was incapable of work based on Zimmerman's limited treatment prior to the opinion and the lack of supporting medical evidence in the record.  *See Coleman v. Saul*, 979 F.3d 751, 757 (9th Cir. 2020) (determining that the ALJ provided specific and legitimate reasons to discount opinions of claimant's treating

2

physicians as the alleged severe limitations were unsupported by the record); *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (internal quotation marks omitted).

Contrary to Zimmerman's contention, because the record was neither ambiguous nor inadequate, no medical expert was needed to determine an onset date of disability. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); SSR 18-01p. Zimmerman's argument that the ALJ erred in not considering the additional evidence before the Appeals Council is unpersuasive.

Before the district court, Zimmerman failed to raise some of the issues she raises here: whether the ALJ erred in evaluating Dr. Jones' opinion; whether the ALJ erred in addressing the third-party statement; whether the ALJ erred by failing to order a consultative examination; and whether the ALJ properly considered Zimmerman's impairments of chronic fatigue syndrome and fibromyalgia in assessing her residual functional capacity and in posing the hypothetical question to the vocational expert. Zimmerman, therefore, has forfeited or waived these arguments. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (holding that this court will generally not consider an issue raised for the first time on appeal).

3

**AFFIRMED**.